

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00204-CR

TABETHA CHRISTIAN EVANS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42,819-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

In 2013, Tabetha Christian Evans, pursuant to a plea agreement, pled guilty to aggravated assault with a deadly weapon causing serious bodily injury to a family member[1] and was placed on deferred adjudication community supervision for a period of ten years. In 2017, the State moved to revoke Evans' community supervision and to proceed to an adjudication of her guilt, alleging several distinct violations of Evans' community supervision. Evans pled true to all of the allegations, and after an evidentiary hearing, the trial court granted the State's motion. Evans was sentenced to twenty-five years' incarceration. Evans appeals.

Evans' attorney has filed a brief which states that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable appellate grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter dated March 5, 2018, counsel mailed to Evans copies of the brief and the motion to withdraw, as well as a motion for pro se access to the appellate record lacking only Evans' signature. Evans was informed of her right to review the record and file a pro se response. By

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(1) (West 2011).

letter dated April 18, 2018, this Court informed Evans that any pro se response was due on or before May 18, 2018. On May 24, 2018, this Court further informed Evans that the case would be set for submission on the briefs on June 14, 2018. We received neither a pro se response from Evans nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]


Ralph Burgess
Justice


Date Submitted:     June 14, 2018
Date Decided:       July 13, 2018

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.